# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HEATHER TODD,

    Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

    Agency.

DOCKET NUMBER
DE-0752-16-0409-I-1

DATE: February 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Peter F. Carroll</u>, Esquire, Kalispell, Montana, for the appellant.

<u>Alexandra M. Felchlin</u>, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which reversed her removal but denied her affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The following facts, as further detailed in the initial decision, are not disputed. The agency hired the appellant in October 2015, under reinstatement authority. Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 2. The agency removed her in June 2016, without due process, under the mistaken belief that she was a probationary employee. ID at 2-3. Its cited reasons for the removal were (1) excessive leave usage, (2) unauthorized absence, and (3) failure to adhere to the sick leave certification requirements that had been imposed by the agency. ID at 2. After the appellant filed the instant Board appeal, the agency recognized its mistake, rescinded the notice of termination, and instructed her to return to duty. *Id.*

¶3 Because the appellant waived her right to a hearing, the administrative judge issued a decision based on the written record. She reversed the appellant's removal based on the agency's admitted due process violation, but denied the appellant's affirmative defenses of harmful procedural error and disability discrimination. ID at 3-4, 6-12. The administrative judge ordered the agency to cancel the removal and retroactively restore the appellant, effective June 28, 2016. ID at 12-13.

¶4     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response and the appellant has replied.  PFR File, Tabs 4-5.

The appellant's harmful error claim is moot.

¶5     We first note that the agency concedes that its removal action must be reversed, based on its admitted due process violation.  IAF, Tab 18 at 1, Tab 19 at 9.  Accordingly, while the appellant has reasserted her harmful procedural error affirmative defense on review, PFR File, Tab 1 at 4-7, that matter is moot.  Even if the appellant could prove that the agency committed a harmful error, it would not result in any additional relief beyond that which is required for its due process violation.  *See, e.g.*, *Carter v. U.S. Postal Service*, 75 M.S.P.R. 51, 55 n.4 (1997) (acknowledging but not ruling on an appellant's harmful error claims because the appellant's removal had to be reversed for other reasons); *Hejka v. U.S. Marine Corps*, 9 M.S.P.R. 137, 140 (1981) (same); *see also Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶¶ 23-27 (2015) (finding that the appellants proved their harmful procedural error claim and, as a result, ordering cancellation of the agency's adverse action).

¶6     Although the agency's admission of the due process violation does render some issues moot, it does not render the case moot because live issues remain.  Here, those live issues include the appellant's restoration to the status quo ante and any claim for damages that are within the Board's jurisdiction.  *See Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 8, 19 (2016) (recognizing that an agency's rescission of an action appealed does not render the appeal moot if that rescission fails to afford all relief available before the Board, including status quo ante relief and compensatory damages for discrimination claims).

The appellant has failed to prove that the agency engaged in disability discrimination.

¶7     The appellant presented general allegations below, which the administrative judge construed as an affirmative defense of disability discrimination.  IAF,

Tab 7 at 1, Tab 18 at 3. She found that while the record supported the existence of disabling conditions, post-traumatic stress disorder and gastritis, the appellant failed to meet her burden of proving that the agency engaged in disability discrimination. ID at 9-12.

¶8        Most notably, the administrative judge found neither the appellant nor the pertinent agency officials were even aware of the appellant's disabilities until after her termination, when she received treatment and diagnoses. ID at 9-10; IAF, Tab 19 at 83, 85, 87, Tab 26 at 15, 18. The administrative judge further found that the appellant did not request any accommodation and agency officials were unaware of any need for one. ID at 9; *see Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 17 (2006) (recognizing that a disability discrimination claim for failure to accommodate will fail if the employee never requested accommodation while employed). Although the appellant had taken a notable amount of sporadic leave prior to her termination, the administrative judge concluded that the timing and reasons given for the leave did not give rise to an inference of disability or need for accommodation. ID at 10; IAF, Tab 12 at 24-25, Tab 19 at 18-21. The administrative judge also concluded that even if pertinent agency officials had perceived her as disabled, the appellant did not present any evidence that suggested discriminatory animus. ID at 10; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 28-29 (2016) (explaining that an appellant may rely on various types of evidence that the Board will evaluate as a whole, including direct evidence or any of the three types of indirect evidence, i.e., pretext, comparator, or other bits and pieces that present a "convincing mosaic" of discrimination), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. While the appellant argued that her supervisor withheld information concerning Family and Medical Leave Act (FMLA) leave or other helpful programs, the administrative judge correctly concluded that the record reflected the opposite, as those officials repeatedly offered the appellant various resources such as the Employee Assistance Program

and a Human Resource Specialist who could provide FMLA assistance. ID at 10–11; IAF, Tab 12 at 24-25, 29-30, Tab 19 at 14.

¶9    In reasserting her disability discrimination claim on review, the appellant has presented a number of conclusory assertions, without identifying any supportive evidence. PFR File, Tab 1 at 7-12; *see* 5 C.F.R. § 1201.115(a) (requiring that a petition for review identify specific evidence in the record demonstrating any alleged erroneous findings of material fact and explain why the challenged factual determinations are incorrect); *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). Moreover, many of the conclusory assertions have little or no bearing on a disability discrimination analysis. For example, the appellant argues that the agency treated her differently because of the mistaken belief that she was a probationary employee. PFR File, Tab 1 at 7-9. Even if true, that has no apparent bearing on the limited issue before us – whether the agency was improperly motivated by the appellant's disability when it terminated her or failed to provide her with reasonable accommodation.[2] *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶¶ 27-33 (2016) (discussing a disability discrimination claim in the context of disparate treatment allegations); *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 10-17 (2014) (discussing a disability discrimination claim in the context of an alleged failure to accommodate).

¶10    The appellant also argues that the agency, particularly her immediate supervisor, improperly discriminated against her on the basis of "dislike." PFR

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that disability discrimination was a motivating factor in her termination, we need not resolve the issue of whether the appellant proved that discrimination was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 40-42.

File, Tab 1 at 5, 8. According to the appellant, she was subjected to acts such as nasty looks, harassment about her time, loss of responsibilities, and being left out. *Id*. at 9. But again, the limited issue before us is whether the agency engaged in disability discrimination. *See generally Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (2011) (recognizing that an employee is not guaranteed a work environment free of stress, criticism, or difficult working conditions), *aff'd,* 469 F. App'x 852 (Fed. Cir. 2011). Therefore, we have only considered the appellant's allegations in that context and find no basis for determining that these conclusory assertions evidence disability discrimination.

¶11 Similarly, while the appellant appears to suggest that the agency should have offered her a reasonable accommodation, PFR File, Tab 1 at 10-12, she has failed to identify any evidence showing that agency officials were even aware of her disability, much less informed that she required accommodation. As the administrative judge recognized, the agency presented evidence to the contrary, including sworn statements from the appellant's supervisor, a Human Resources Specialist, and the person who signed the appellant's mistaken probationary termination, all of which indicated that they had no knowledge of the appellant having any disability or requiring any accommodation. IAF, Tab 19 at 79‑87. Moreover, while the appellant generally alludes to accommodation, she has not identified what kind of accommodation she needed. *See Gardner*, 123 M.S.P.R. 647, ¶ 35 (recognizing that, for a disability discrimination claim based on a failure to accommodate, an appellant's burden includes showing, to the extent possible, that there was a reasonable accommodation under which she could perform the essential duties of her position or of a vacant position to which she could be reassigned).

¶12 The appellant's petition for review generally reflects frustration with her termination, which the agency acknowledges was improper for other reasons. However, the appellant has not shown that her probationary termination was improperly motivated by disability discrimination, or that the agency improperly

failed to accommodate her. The record before us suggests that the probationary termination was solely motivated by legitimate nondiscriminatory leave issues which were both identified in the termination notice and well documented throughout the appellant's limited tenure. IAF, Tab 12 at 13-15. Among other things, that evidence includes various contemporaneous documents showing that the agency continually expressed concerns with the appellant's extensive leave usage and failure to follow leave procedures, beginning as early as 2 months after her hire date. IAF, Tab 12 at 24-26, 29-31, Tab 19 at 12-17.

If the appellant believes the agency has failed to comply with this Final Order to cancel her removal and retroactively restore her, she should file a petition for enforcement with the Denver Field Office.

¶13    On review, the appellant presents several other arguments which are difficult to follow, but appear to present allegations concerning a possible compliance matter. She seems to assert that there has been some problem with her reinstatement, which she simultaneously attributes to agency retaliation and an inability to return to work due to her ongoing medical limitations.[3] PFR File, Tab 1 at 13-15. The appellant also summarily asserts that the agency has provided only a quarter of the back pay she is owed. *Id*. at 15. The agency responded with argument and evidence, indicating that it provided back pay for the period between her improper termination on June 28, 2016, and September 14, 2016, when she was instructed to return to duty as the agency attempted to correct its improper termination. PFR File, Tab 4 at 6, 10-18; IAF, Tab 12 at 10.

¶14    The Board's regulations provide that a "party may petition . . . for enforcement of a *final* decision or order issued under the Board's appellate jurisdiction." 5 C.F.R. § 1201.182(a) (emphasis added). Because the appellant

---

[3] The record suggests that the appellant at least considered entering into some sort of settlement with the agency because she was either unwilling or medically unable to return to her former position. IAF, Tab 10 at 3, Tab 14 at 7, Tab 17 at 1. It further suggests that the appellant may not have reported to duty, despite the agency's instruction to do so. IAF, Tab 16 at 2.

filed a petition for review, the initial decision will not become final until we issue the instant order. *See* 5 C.F.R. §§ 1201.113(a) (explaining that an initial decision by an administrative judge will become the Board's final decision 35 days after issuance unless a party files a petition for review), 1201.113(b) (explaining that, if a party files a petition for review, the initial decision becomes final when the Board issues its last decision denying the petition for review). Therefore, to the extent that the appellant's petition for review contains arguments pertaining to compliance, those arguments are premature. *See Lucas v. Department of Defense*, 64 M.S.P.R. 172, 177-78 (1994) (explaining that if an appellant had filed a petition for enforcement after the agency had notified him that it had canceled his removal but before the Board had issued its final order in the associate appeal, the petition would have been dismissed as premature), *overruled on other grounds by Fischer v. Department of the Treasury*, 97 M.S.P.R. 546 (2004).

¶15     If the appellant believes that the agency has failed to comply with this final order to cancel her removal and retroactively restore her, she should file a petition for enforcement with the Denver Field Office, where that issue must first be adjudicated. 5 C.F.R. § 1201.182(a).

**ORDER**

¶16     We ORDER the agency to cancel the removal and to retroactively restore the appellant effective June 28, 2016. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶17     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the

Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶19 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶20 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60‑day period set forth above.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.   <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1‑7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.